UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MUSTAFA NUR,

    Plaintiff,

    v.                                    CAUSE NO. 3:23-CV-512-JD-JPK

WILLIAM HYATTE, et al.,

    Defendants.

OPINION AND ORDER

Mustafa Nur, a prisoner without a lawyer, filed an amended complaint under 42 U.S.C. § 1983. (ECF 5.) As required by 28 U.S.C. § 1915A, the court must screen this pleading and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Nur is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Nur is currently an inmate at Branchville Correctional Facility. His claims stem from an incident occurring at Miami Correctional Facility. Specifically, he claims that on August 12, 2020, he was working at the prison's "Shoeshine Station" when

Investigator M. McGee of the prison's internal affairs department came to get his shoes shined. While Investigator McGee was there, another inmate dropped off a bag of clean rags. When Mr. Nur left to get something, Investigator McGee looked in the bag and claimed he found cell phones and tobacco. He asked Mr. Nur about it but Mr. Nur denied knowing anything about the cell phones and tobacco inside the bag. A search of Mr. Nur's cell was subsequently conducted and Investigator McGee claimed he found a cell phone under Mr. Nur's mattress. Based on these events, Mr. Nur was charged with trafficking and possession of a cell phone in violation of the Indiana Department of Correction (IDOC) Adult Disciplinary Code.

During the course of the investigation, he spent 60 days in administrative segregation. At a hearing, he was found guilty of both offenses and sanctioned with the loss of earned-credit time and a demotion in credit-earning class.[1] He claims the hearing officer violated his rights in a variety of ways, including denying him witnesses, finding him guilty despite the lack of clear evidence, and refusing to recuse himself even though he was biased in favor of Investigator McGee. He appealed through administrative channels, and his appeal was granted as to the cell phone possession charge but denied as to the trafficking charge.

He then filed a federal habeas corpus petition asserting due process violations. *Nur v. Warden*, 3:21-CV-340-DRL-MGG (N.D. Ind. closed Oct. 27, 2021). While that case

---

[1] The court takes notice of public filings in Mr. Nur's related habeas case, *Nur v. Warden*, 3:21-CV-340-DRL-MGG (N.D. Ind. closed Oct. 27, 2021), which is permissible at the pleading stage. *See* FED. R. EVID. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018).

was pending, he was granted a new hearing on the trafficking charge. The charge was reheard by a different hearing officer and he was again found guilty. He appealed, and Warden William Hyatte agreed with him that there was insufficient evidence to prove he knew what was inside the laundry bag. The Warden granted the appeal and vacated the guilty finding. Based on these events, he sues Warden Hyatte, Investigator McGee, the two hearing officers who decided his cases, and the IDOC Appeal Review Officer, seeking monetary damages for alleged due process violations.

Under the Fourteenth Amendment, due process protections are only required when a liberty interest is at stake. *Sandin v. Conner*, 515 U.S. 472, 484-85 (1995); *see also Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) ("We have rejected the notion that every state action carrying adverse consequences for prison inmates automatically activates a due process right."). The loss of earned-credit time triggers due process protections, but Mr. Nur makes clear that the guilty finding was ultimately vacated on appeal. Because his sentence was not lengthened as a result of the disciplinary proceeding, he had no liberty interest protected by the Due Process Clause in that proceeding. *Zimmerman v. Tribble*, 226 F.3d 568, 572 (7th Cir. 2000).

Mr. Nur also spent 60 days in administrative segregation while the charges were investigated, but he had no constitutional right to remain in the prison's general population. *See Wilkinson v. Austin*, 545 U.S. 209, 222 (2005). Long-term segregation involving significantly harsher conditions can trigger due process protections, but inmates do not have a protected liberty interest in avoiding short-term transfer to segregation, *Townsend v. Fuchs*, 522 F.3d 765, 766 (7th Cir. 2008), or in avoiding

3

restrictions "that do not substantially worsen the conditions of confinement." *White v. Scott*, 849 F. App'x 606, 608 (7th Cir. 2021). Mr. Nur was in segregation for a relatively short period, and he does not describe any of the conditions there for the court to plausibly infer that his transfer "substantially worsen[ed]" the conditions of his confinement. *Id.* In a case involving similar facts, the Seventh Circuit found that the inmate lacked a due process liberty interest. *Townsend*, 522 F.3d at 771-72 (placement of inmate in administrative segregation for 59 days while officials investigated his possible role in prison riot did not give rise to liberty interest entitled to due process protections).

Mr. Nur appears to express concerns that the disciplinary proceeding might impact his ability to obtain credits toward his sentence in the future, although he does not clearly explain why this is so. (ECF 5 at 9.) He is not entitled to due process protections in connection with state action that "merely *might* affect the duration of the sentence." *Zimmerman*, 226 F.3d at 572 (emphasis added); *see also Roach v. Indiana Dept of Correction*, No. 3:21-CV-371-DRL-MGG, 2022 WL 1184559, at *2 (N.D. Ind. Apr. 20, 2022) (loss of inmate's job which potentially impacted his ability to obtain a credit toward his sentence did not create a due process liberty interest in light of the conditional nature of the credit). Based on what he has alleged, the court cannot plausibly infer that his sentence was lengthened in some direct way as a result of the disciplinary proceeding so as to trigger due process protections. *See Zimmerman*, 226 F.3d at 572 (due process protections are required only when "the State's action will inevitably affect the duration of the sentence").

Therefore, he has not stated a claim upon which relief can be granted. In the interest of justice, the court will allow him an opportunity to file an amended complaint if, after reviewing the court's order, he believes he can state a claim based on these events, consistent with the allegations he has already made under penalty of perjury.[2] *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014, 1024 (7th Cir. 2013).

For these reasons, the court:

(1) GRANTS the plaintiff until **August 28, 2023**, to file an amended complaint; and

(2) CAUTIONS him that if he does not respond by the deadline, this case is subject to dismissal under 28 U.S.C. § 1915A because the current complaint does not state a claim upon which relief can be granted.

SO ORDERED on July 28, 2023

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT

---

[2] Mr. Nur already amended his complaint once, but that was because his original complaint was not on the right form. (ECF 1, 4.) In fairness, the court will give him an additional opportunity to amend now that his claims have been analyzed.