UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MUSTAFA NUR,

    Plaintiff,

    v.       CAUSE NO. 3:23-CV-512-JD-JPK

WILLIAM HYATTE, et al.,

    Defendants.

OPINION AND ORDER

Mustafa Nur, a prisoner without a lawyer, filed a second amended complaint under 42 U.S.C. § 1983.[1] (ECF 10.) As required by 28 U.S.C. § 1915A, the court must screen this pleading and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Nur is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

---

[1] Mr. Nur's original complaint was stricken because it was not on the right form. (ECF 4.) The court screened his amended complaint and concluded that it was subject to dismissal under 28 U.S.C. § 1915A. (ECF 7.) He was afforded an opportunity to file a second amended complaint before the case was dismissed, and he responded with the present pleading, which provides additional details about his claims.

Mr. Nur is currently an inmate at Branchville Correctional Facility. His claims stem from a disciplinary proceeding that was initiated when he was incarcerated at Miami Correctional Facility (MCF). He claims that on August 12, 2020, he was working at the prison's "Shoeshine Station" when Investigator M. McGee of the prison's internal affairs department came to get his shoes shined. While Investigator McGee was there, another inmate dropped off a bag of clean rags. When Mr. Nur left the room to get something, Investigator McGee looked in the bag and claimed he found cell phones and tobacco. He asked Mr. Nur about it but Mr. Nur denied knowing anything about what was inside the bag. A search of Mr. Nur's cell was subsequently conducted and Investigator McGee claimed he found a cell phone under Mr. Nur's mattress. Based on these events, Mr. Nur was charged with trafficking and possession of a cell phone in violation of the Indiana Department of Correction (IDOC) Adult Disciplinary Code.

During the course of the investigation, he spent 60 days in segregation. He claims the conditions there were very poor. He claims he was in near-total darkness due to the fact that the light was broken and the only window was covered with a metal sheet. There was broken glass on the floor from the light and the walls and bedding were smeared with human feces. He claims that he injured himself by tripping on the glass and that the darkness caused him to become "distraught and disoriented." He had difficulty sleeping and began to "hallucinate that there were bugs crawling on his blanket and skin."

At a disciplinary hearing conducted by Officer A. Goodridge, he was found guilty of both offenses and sanctioned with the loss of earned-credit time. He claims

Officer Goodridge violated his due process rights by refusing to let him call Investigator McGee as a witness, failing to review the video evidence as he requested, and finding him guilty despite the lack of clear evidence that he had any knowledge of what was inside the bag. He appealed to Warden William Hyatte and then to the IDOC Appeal Review Officer. His appeal was granted as to the cell phone possession charge but denied as to the trafficking charge.

He then filed a federal habeas corpus petition asserting due process violations. *Nur v. Warden*, 3:21-CV-340-DRL-MGG (N.D. Ind. closed Oct. 27, 2021). While that case was pending, he was granted a new hearing on the trafficking charge. The charge was reheard by a different hearing officer, Officer S. Hall, and he was again found guilty. He claims Officer Hall denied him evidence at the hearing and colluded with Investigator McGee to find him guilty despite the lack of evidence. He appealed, and Warden Hyatte agreed with him that there was insufficient evidence he had engaged in trafficking. Warden Hyatte granted the appeal and vacated the guilty finding, resulting in his earned-credit time being restored. Based on these events, he sues Warden Hyatte, Investigator McGee, the two hearing officers, and J. Lyttle, the IDOC Appeal Review Officer, seeking monetary damages.

Under the Fourteenth Amendment, inmates are entitled to due process protections when a liberty interest is at stake. *Sandin v. Conner*, 515 U.S. 472, 484-85 (1995). In a disciplinary proceeding, the Fourteenth Amendment guarantees them certain procedural protections: (1) at least 24 hours advance written notice of the charge; (2) an opportunity to be heard by an impartial decisionmaker; (3) an opportunity to call

3

witnesses and present documentary evidence when consistent with institutional safety and correctional goals; and (4) a written statement by the decisionmaker of the evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 564-65 (1974). To satisfy due process, there also must be "some evidence" to support the hearing officer's decision. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

The loss of earned-credit time triggers due process protections, but Mr. Nur makes clear that this sanction was ultimately vacated on appeal and thus did not lengthen his criminal sentence. *See Zimmerman v. Tribble*, 226 F.3d 568, 572 (7th Cir. 2000). Nevertheless, Mr. Nur also spent 60 days in segregation because of the disciplinary charge, and inmates have a protected liberty interest in avoiding transfers within the prison that "substantially worsen the conditions of confinement." *White v. Scott*, 849 F. App'x 606, 608 (7th Cir. 2021). Giving Mr. Nur the inferences to which he is entitled at this stage, he has plausibly alleged that his transfer to the segregation unit substantially worsened the conditions of his confinement. Specifically, he claims that during the time he was in segregation he was housed in near-total darkness in a cell containing broken glass and another inmate's feces. These conditions were so severe they allegedly caused him psychological problems. The court concludes he has plausibly alleged that a liberty interest was at stake.

He further claims that both hearing officers denied him evidence, were not impartial, and found him guilty despite the lack of evidence, which, if true, would violate his due process rights. *Wolff*, 418 U.S. at 554; *Hill*, 472 U.S. at 455. He further

4

claims that Investigator McGee fabricated evidence and colluded with the hearing officers to have him found guilty. Likewise, he claims that Warden Hyatte and the IDOC Appeal Review Officer violated his due process rights by refusing to grant his appeals until after the second hearing, even though there were obvious due process violations that had occurred. He will be permitted to proceed past the pleading stage on a Fourteenth Amendment claim against these defendants.

His allegations also trigger Eighth Amendment concerns. Under the Eighth Amendment, inmates must be provided with humane conditions of confinement. In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id.* (citations omitted). The Constitution does not mandate comfortable prisons, but inmates are entitled to adequate ventilation, lighting, sanitation, bedding, hygienic materials, and utilities. *Hardeman v. Curran*, 933 F.3d 816, 820 (7th Cir. 2019). This includes the right "not to be forced to live surrounded by their own and others' excrement." *Id.*

On the subjective prong, the prisoner must allege that the defendant acted with deliberate indifference to his health or safety. *Farmer*, 511 U.S. at 834. To satisfy this standard, the "official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Eagan v. Dempsey*, 987 F.3d 667, 694 (7th Cir. 2021) (citation omitted). The

standard "requires more than negligence or even gross negligence; a plaintiff must show that the defendant was essentially criminally reckless, that is, ignored a known risk." *Huber v. Anderson*, 909 F.3d 201, 208 (7th Cir. 2018).

Giving him the inferences to which he is entitled, he has satisfied both prongs. He claims he was in a cell for more than a month that was almost totally dark, had glass on the floor, and had feces smeared on the walls and bedding. He further claims that Warden Hyatte, Investigator McGee, and Officer Goodridge were aware of these filthy and potentially dangerous conditions and did nothing to help him. He will be permitted to proceed on an Eighth Amendment claim against these defendants.

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against William Hyatte, M. McGee, A. Goodridge, S. Hall, and J. Lyttle in their personal capacities for money damages for denying him due process in violation of the Fourteenth Amendment in connection with the disciplinary proceeding initiated on August 12, 2020;

(2) GRANTS the plaintiff leave to proceed against William Hyatte, M. McGee, and A. Goodridge in their personal capacities for money damages for denying him constitutionally adequate living conditions as required by the Eighth Amendment while he was housed in the segregation unit as a result of the disciplinary proceeding;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) William Hyatte, M. McGee, A. Goodridge, S. Hall, and J. Lyttle at the Indiana

6

Department of Correction and to send them a copy of this order and the second amended complaint (ECF 10) pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent this information is available; and

(6) ORDERS William Hyatte, M. McGee, A. Goodridge, S. Hall, and J. Lyttle to respond, as provided in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on September 29, 2023

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT